IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE GUADALUPE VALDEZ, SR.,

    Plaintiff,

v.

WELLS FARGO and FINANCIAL
INSTITUTION FREEDOM,

    Defendants.

No. 3:24-cv-02111-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

    Plaintiff Jose Guadalupe Valdez, Sr. ("Plaintiff"), proceeding *pro se*, brings claims[1] against Defendants Wells Fargo and Financial Institution Freedom.[2] On December 19, 2024, Defendant Wells Fargo ("Defendant") removed this action from Washington County Circuit Court. Removal, at 1. On December 26, 2024, Defendant filed a Motion to Dismiss under Federal Rule of Civil

---

[1] Rather than a filing a complaint, Plaintiff filed a Motion for Judgment under 28 U.S.C. § 2255. Motion for Judgment ("Compl.", ECF 1-1). Under 28 U.S.C. § 2255, "a prisoner in custody under sentence of a court established by Act of Congress" may move "the court which imposed the sentence to vacate, set aside or correct" a sentence "imposed in violation of the Constitution or laws of the United States." Plaintiff does not allege that he is in custody. *See generally* Compl. Additionally, Defendant Wells Fargo is a banking institution not a court created by an "Act of Congress." Motion to Dismiss ("Mot. Dismiss", ECF 3), at 3. Nevertheless, for the purpose of this Opinion and Order, the Court will treat and refer to Plaintiff's Motion for Judgment as a complaint.

[2] It is unclear whether Defendant Financial Institution Freedom is a business entity. Defendant Wells Fargo states that "upon information and belief, Financial Institution Freedom does not appear to be any known business entity." Notice of Removal ("Removal", ECF 1), at 3; *see also* Ex. 4. Additionally, it appears that Plaintiff has not served a summons and complaint on Financial Institution Freedom.

1 – OPINION AND ORDER

Procedure ("Rule") 12(b)(6). Mot. Dismiss. Plaintiff failed to respond. As a result, the Court ordered Plaintiff "to show cause [within thirty days] why Plaintiff did not file a timely response to Defendant's motion to dismiss." Order to Show Cause (ECF 5). Thirty days has elapsed, and Plaintiff has failed to respond to the Court's Order to Show Cause, file a response to Defendant's Motion to Dismiss, or take any other action. For the reasons discussed below, the Court grants Defendant's Motion to Dismiss.

## I.   LEGAL STANDARD

Where the plaintiff "fail[s] to state a claim upon which relief can be granted[,]" the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct[.]" *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680–81. Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011). If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

2 – OPINION AND ORDER

## II.  DISCUSSION

### A.  Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff makes one broad request for relief under 42 U.S.C. § 1983—"for the theft of property, land, house, deed and title[.]" Compl., at 5. Plaintiff does not allege facts that show any constitutional or legal violations. *See Atkins*, 487 U.S. at 48. In addition, Plaintiff does not plead facts describing any actions taken by Defendant acting under the color of state law. *See id.* Therefore, Plaintiff's claim under 42 U.S.C. § 1983 fails as a matter of law and is dismissed.

### B.  Plaintiff Fails to State a Claim Under 18 U.S.C. § 1341

Plaintiff cites to federal criminal fraud statute, 18 U.S.C. § 1341. Compl., at 3. As a private party, Plaintiff cannot bring a civil claim based on an alleged violation of a federal criminal statute. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability."); *see also Wagner v. Safeway, Inc.*, No. 21-cv-08903-JSC, 2022 WL 286621, at *2 (N.D. Cal. Jan. 5, 2022), *report and recommendation adopted*, 2022 WL 270231 (N.D. Cal. Jan. 31, 2022) ("Federal criminal statutes are public in nature and prosecuted in the name of the United States."). Accordingly, Plaintiff's claim of mail fraud under 18 U.S.C. § 1341 also fails as a matter of law and is dismissed.

---

[3] Plaintiff cites to 18 U.S.C. § 1983 in his complaint, but the Court presumed Plaintiff intended to cite to 42 U.S.C. § 1983.

3 – OPINION AND ORDER

### C. Plaintiff Fails to State a Claim Under the Second and Fourteenth Amendments of the United States Constitution

Throughout his Complaint Plaintiff makes vague allegations and references to the Second and Fourteenth Amendments of the United States Constitution. Compl., at 2, 4-5. Plaintiff's constitutional claims are conclusory at best. Plaintiff fails to allege any basis or elements of violations of his constitutional rights. Nor does Plaintiff allege any facts that Defendant—a private institution—violated Plaintiff's constitutional rights. Because Plaintiff has failed to specify any claims under the Second or Fourteenth Amendments of the United States Constitution, his claims under these amendments fail as a matter of law and are dismissed.

### D. Plaintiff Fails to State a Claim Under 28 U.S.C. § 2255

Plaintiff alleges that as "an act of habeas corpus [his] constitutional rights as petitioner have been violated" under 28 U.S.C. § 2255. Compl., at 4. Section 2255 permits a prisoner serving a federal sentence to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Plaintiff does not allege that he is serving a prison sentence. Moreover, Defendant is a private institution and does not impose prison sentences. Therefore, Plaintiff's claim under 28 U.S.C. § 2255 fails as a matter of law and is dismissed.[4]

### E. Plaintiff's Complaint is Dismissed with Prejudice

When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A *pro se*

---

[4] Plaintiff also asks the Court for a court-appointed attorney under 18 U.S.C. § 3006A(a)(2)(B). Compl., at 4-5. Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel for a petitioner seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255. As discussed, Plaintiff does not allege any facts suggesting that he is currently serving a prison sentence. Therefore, because the Court dismissed Plaintiff's claim under 28 U.S.C. § 2255, Plaintiff's request for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) is denied as moot.

4 – OPINION AND ORDER

litigant will be given leave to amend the complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

While mindful that dismissal with prejudice, especially of a *pro se* plaintiff's complaint, is generally disfavored, *Lopez*, 203 F.3d at 1130–31, after careful consideration, the Court is convinced that the facts alleged in Plaintiff's complaint are "clearly baseless[.]" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Plaintiff's allegations are more than unlikely or improbable, they are incomprehensible and irrational. *See id.* at 33. The Court finds that no amendment can cure the defects in Plaintiff's complaint. *Karim-Panahi*, 839 F.2d at 623. For these reasons, Plaintiff's complaint is dismissed with prejudice.

### III.    CONCLUSION

For the reasons discussed, Defendant's Motion to Dismiss (ECF 3) is GRANTED. Plaintiff's Complaint (ECF 1-1) is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 19th day of February 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

5 – OPINION AND ORDER